UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA L. MILLER,

        Plaintiff,

                                        Case No. 1:14-cv-888

v.

                                        Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
        _____/

**OPINION**

        Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) which denied her claim for disability insurance benefits (DIB) and supplemental security income (SSI).

        Plaintiff was born on June 1, 1969 (AR 198).[1] She completed the 10th grade and had previous employment as a cook, a newspaper delivery person, and production operator (AR 61-64, 99, 203). Plaintiff alleged a disability onset date of October 5, 2011 (AR 198). Plaintiff identified her disabling conditions as an infection in the head, lupus, rheumatoid arthritis and emphysema (AR 202). The administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on March 6, 2013 (AR 40-47). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

---

[1] Citations to the administrative record will be referenced as (AR "page #").

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905

F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007). "The proper inquiry in an application for SSI benefits is whether the

plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II. ALJ'S DECISION

Plaintiff's claim failed at the fifth step of the evaluation. At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of October 5, 2011 and that she met the insured status requirements of the Act through December 31, 2016 (AR 42). At the second step, the ALJ found that plaintiff had the following severe impairments: lupus; rheumatoid arthritis; fibromyalgia; chronic obstructive pulmonary disease (COPD); and left knee degenerative joint disease (AR 42). At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (AR 43).

The ALJ decided at the fourth step that:

> [T]he claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) with the following limitations: to lift or carry a maximum of 10 pounds occasionally and less than 10 pounds frequently. In an eight-hour workday, the claimant can walk or stand for two hours and sit for six hours. She can climb no ladders, ropes or scaffolds. The claimant can only occasionally climb ramps or stairs, kneel, crouch and crawl. She can never balance or stoop. The claimant must avoid concentrated exposure to environmental irritants and poorly ventilated areas. She must avoid all use of moving machinery and exposure to unprotected heights.

(AR 43). The ALJ also found that plaintiff was unable to perform any past relevant work (AR 45).

At the fifth step, the ALJ determined that plaintiff could perform a significant number of unskilled, sedentary jobs in the national economy (AR 46-47). Specifically, plaintiff could perform the following work in the regional economy, defined as the Lower Peninsula of Michigan: information clerk (2,400 jobs); sorter/packer (2,050 jobs); and telephone order clerk (telemarketer)

(1,600 jobs) (AR 46). Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from October 5, 2011 (the alleged onset date) through March 6, 2013 (the date of the decision) (AR 47).

### III. ANALYSIS

Contrary to the Court's directive, plaintiff filed her brief as a motion for summary judgment and failed to set forth a "statement of errors." *See* Notice (docket no. 10). Based on plaintiff's filings, the Court will address two arguments raised on appeal:

**A.      The decision fails to comply with the Commissioner's regulations regarding the treating source evaluation under 20 C.F.R. § 404.1527(d).**

Plaintiff contends that the ALJ failed to properly evaluate the opinion of her treating physician, Charles Whitaker, M.D. A treating physician's medical opinions and diagnoses are entitled to great weight in evaluating plaintiff's alleged disability. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997). "The treating physician doctrine is based on the assumption that a medical professional who has dealt with a claimant and his maladies over a long period of time will have a deeper insight into the medical condition of the claimant than will a person who has examined a claimant but once, or who has only seen the claimant's medical records." *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). *See* 20 C.F.R. § 404.1527(c)(2) ("Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective

medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations").

Under the regulations, a treating source's opinion on the nature and severity of a claimant's impairment must be given controlling weight if the Commissioner finds that: (1) the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) the opinion is not inconsistent with the other substantial evidence in the case record. *See Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 376 (6th Cir. 2013); 20 C.F.R. § 404.1527(c)(2). Finally, the ALJ must articulate good reasons for not crediting the opinion of a treating source. *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004); 20 C.F.R. § 404.1527(c)(2) ("[w]e will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion").

Here, the ALJ addressed Dr. Whitaker's opinion as follows:

> In October 2012, Dr. Whitaker gave the claimant work preclusive limitations (Exhibit 11F). He also opined the claimant was not capable of performing a full-time job on a sustained basis (Exhibit 12F). This opinion is not consistent with Dr. Whitaker's reports or supported by the record as a whole. The claimant reported she does a wide range of activities of daily living. Therefore, the undersigned gives this opinion little weight. In addition, the issue of disability is reserved for the Commissioner.

(AR 45).

The ALJ's opinion did not articulate good reasons for giving Dr. Whitaker's opinion little weight. *See Wilson*, 378 F.3d at 545; 20 C.F.R. § 404.1527(c)(2). The ALJ provided only a cursory review of the doctor's opinions issued on October 24, 2012 (Exhibits 11F) and October 24, 2012 (Exhibit 12F), and did not mention a third opinion previously issued on October 31, 2011

(Exhibit 10F) (AR 45, 543-44, 597-601).  In addition, the ALJ did not discuss Dr. Whitaker's underlying treatment records and reports, other than to state that:

> Charles Whitaker M.D., a family physician, has treated her since October 2010. The claimant's symptoms included diffuse joint pain and shortness of breath with exertion.  Her diagnoses included fibromyalgia.  The claimant was treated with medication, which included Keflex, Plaquenil, Savella and Albuterol (Exhibits 4F, 11F and 12F).

(AR 42).  In summary, the ALJ's decision gave Dr. Whitaker's opinions little weight without addressing the limitations in the doctor's opinions or how those limitations were inconsistent with his medical records (AR 45).

The Commissioner must provide a statement of evidence and reasons on which the decision is based.  *See* 42 U.S.C. § 405(b)(1).  While it is unnecessary for the ALJ to address every piece of medical evidence, *see Heston*, 245 F.3d at 534-35, an ALJ "must articulate, at some minimum level, his analysis of the evidence to allow the appellate court to trace the path of his reasoning." *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995).  "It is more than merely 'helpful' for the ALJ to articulate reasons . . . for crediting or rejecting particular sources of evidence. It is absolutely essential for meaningful appellate review." *Hurst v. Secretary of Health and Human Servs.*, 753 F.2d 517, 519 (6th Cir. 1985), *quoting Zblewski v. Schweiker*, 732 F.2d 75, 78 (7th Cir.1984).  Here, the ALJ has provided insufficient information for the Court to follow the path of his reasoning. Accordingly, this matter will be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g).  On remand, the Commissioner should re-evaluate Dr. Whitaker's opinion.

> **B.     The decision fails to articulate how plaintiff has the ability to work on a full-time basis in light of the uncontradicted evidence from the treating physician.**
>
> **1.     Hypothetical question**

Plaintiff contends that the ALJ's hypothetical question posed to the vocational expert (VE) did not account for all of her limitations. While plaintiff cites some legal standards applicable to hypothetical questions in general, she does not address the hypothetical question posed in her case or why that question was defective. *See* Plaintiff's Brief (docket no. 12 at pp. ID## 737-38). "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). Accordingly, the Court deems this argument waived.

> **2.     RFC determination**
>
> **a.     Dr. Whitaker's opinions**

Plaintiff contends that the ALJ's Residual Functional Capacity ("RFC") determination failed to address the limitations as set forth in Dr. Whitaker's opinions. RFC is a medical assessment of what an individual can do in a work setting in spite of functional limitations and environmental restrictions imposed by all of his medically determinable impairments. 20 C.F.R. §§ 404.1545 and 416.945. RFC is defined as "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs" on a regular and continuing basis. 20 C.F.R. Part 404, Subpt. P, App. 2, § 200.00(c); *see Cohen v. Secretary of Department of Health and Human Services*, 964 F.2d 524, 530 (6th Cir. 1992). As discussed, *supra*, the ALJ did not articulate good reasons for the weight assigned to Dr. Whitaker's opinions. For this same reason,

the RFC determination is flawed. Accordingly, on remand, the Commissioner should also re-evaluate the RFC determination.

### b. VE erred in applying the RFC

Finally, plaintiff contends that the RFC contained work-preclusive factors and for this reason, the VE's testimony was not supported by substantial evidence. Specifically, plaintiff contends that the RFC limitations that plaintiff "can never balance or stoop" (AR 43) "calls into question how the vocational expert could have arrived at jobs identified by the vocational expert [sic] i.e. information clerk, sorter/packer and telephone order clerk." Plaintiff's Brief at pp. ID## 739-40. While plaintiff challenges the VE's testimony, she did not object to that testimony during the administrative hearing. "The Sixth Circuit, along with other courts across the country, have generally recognized that a claimant's failure to object to testimony offered by a vocational expert, at the time of the administrative proceeding, waives the claimant's right to raise such issues in the district court." *Harris v. Commissioner of Social Security Administration*, No. 1:11-cv-1290, 2012 WL 4434078 at 3 (N.D. Ohio Sept. 24, 2012), citing *Hammond v. Chater*, No. 96-3755, 1997 WL 338719 at *3 (6th Cir. June 18, 1997) (finding the plaintiff's failure to raise obj-ections to the VE's testimony waived the argument on appeal). *See Lyon v. Commissioner of Social Security*, No. 1:11-cv-1104, 2013 WL 1149967 at *4 (W.D. Mich. March 19, 2013) (the plaintiff's challenge to the VE's testimony was waived because she failed to object to the testimony at the administrative hearing). Accordingly, the Court deems this error waived.

### IV. CONCLUSION

For the reasons discussed, the Commissioner's decision will be **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).  On remand, the Commissioner is directed to re-evaluate Dr. Whitaker's opinion and plaintiff's RFC.  A judgment consistent with this opinion will be issued forthwith.


Dated:  August 25, 2015                    /s/ Ray Kent
                                            RAY KENT
                                            United States Magistrate Judge